FILED

NOV - 2 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br>Dean Clifton Marshall, Jr.,<br>Debtor. | Case No. 05-17886-B-7 |
| Teresa Marshall,<br>Plaintiff,<br>v.<br>Dean Clifton Marshall, Jr.<br>Defendant. | Adversary Proceeding No. 06-1101<br>DC No. SJS-1 |

**MEMORANDUM DECISION REGARDING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

**This Memorandum Decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.**

Susan J. Salehi, Esq., appeared on behalf of the plaintiff Teresa Marshall (the "Plaintiff").

Robert S. Williams, Esq., of Williams & Williams, appeared on behalf of the debtor Clifton Dean Marshall, Jr. (the "Debtor").

Before the court is a discovery dispute arising out of a bitter divorce. Plaintiff, the Debtor's former spouse, filed an adversary proceeding to determine the dischargeability of debts which Debtor agreed to pay pursuant to a marital settlement agreement. Plaintiff also seeks to deny the Debtor's discharge based on alleged false schedules. Plaintiff contends, *inter alia*, that the Debtor has failed to

disclose assets and misrepresented his income and expenses. The Plaintiff asked the court to compel the Debtor to respond to her discovery request (the "First Discovery Motion"). That request was granted. Under submission is Plaintiff's request for sanctions (the "First Sanction Request"), *i.e.*, an award of attorney's fees and costs incurred in having to bring the First Discovery Motion.[1] The request for sanctions will be granted.

This Memorandum Decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052). The court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

**Background.**

Plaintiff is the Debtor's former spouse. In March 2004, Plaintiff commenced proceedings to dissolve the marriage in the Kern County Superior Court (the "Dissolution Action"). A final judgment was entered in the Dissolution Action in June 2005. In the Dissolution Action, the parties entered into a marital settlement agreement wherein, it is alleged, the Debtor retained certain marital assets in exchange for his agreement to pay joint debts totaling in excess of $36,000 (the "Marital Settlement"). Shortly after conclusion of the Dissolution Action, the Debtor filed this bankruptcy case and now seeks to discharge the debts which he agreed to pay in the Marital Settlement. Plaintiff contends, *inter alia*, that she will be liable for those debts if the Debtor receives that discharge and that

---

[1]Also under submission is Plaintiff's subsequent request for terminating sanctions (docket control number SJS-2). That motion was argued on October 5, 2006, and is still under submission. The court will rule on that motion separately.

she would not have entered into the Marital Settlement if she had known that the Debtor intended to file bankruptcy.

The Debtor filed for chapter 7 relief on September 26, 2005. Plaintiff commenced this adversary proceeding on March 9, 2006[2] (the "Adversary Proceeding"). The claims in this Adversary Proceeding arise under 11 U.S.C. § 727(a)(4)(A)[3] (knowingly and fraudulently making a false oath or account), § 727(a)(5) (failure to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities), and § 523(a)(2)(A) (fraud in the making of the Marital Settlement). Plaintiff contends, *inter alia*, that the Debtor did not intend to perform the Marital Settlement at the time he entered into it, that he failed to disclose valuable assets in his bankruptcy schedules, and that he has grossly misrepresented his financial condition, specifically his monthly income and expenses. The Debtor filed an answer denying all liability.

On May 31, Plaintiff served a request for production of documents, Set No.1, on the Debtor's counsel (the "Discovery Request"). The Discovery Request asked for documents in 17 different categories, specifically copies of bills, bank statements, credit card statements and insurance policies, over a 15-month period, all relevant to the issues raised in the Adversary Proceeding. The Discovery Request called for the documents to be produced by June 30 at the office of Plaintiff's counsel in Bakersfield and provided that the Debtor could comply with

---

[2]Hereafter, all relevant events occurred in 2006, unless specifically stated otherwise.

[3]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protective Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

the Discovery Request by mailing copies of the requested documents. The Debtor's written response to the Discovery Request was due in 33 days pursuant to Fed.R.Civ.P. 34(b), and Fed.R.Bankr.P. 7034 and 9006(f). At no time during that period did the Debtor file an objection to the Discovery Request, or seek a protective order to limit the scope of discovery. On June 10, and again on June 27, Debtor's counsel sent a letter to Plaintiff's counsel representing that the Debtor would respond timely to the Discovery Request.

The Debtor failed to serve a written response to the Discovery Request, and to produce any documents within the time period prescribed by the Rules. The court held a continued status conference on July 7. That morning, Debtor's counsel left a voice mail message with Plaintiff's counsel informing Plaintiff's counsel, for the first time, that the Debtor refused to produce any of the requested documents.

On July 11, Plaintiff filed this First Discovery Motion seeking an order to compel the Debtor to respond to the Discovery Request. The Debtor responded to the Motion on July 26. The Debtor first attempted to argue the merits of the Adversary Proceeding and then acknowledged that he had not responded to the Discovery Request. The Debtor then argued, in essence, that the Discovery Request was overbroad and oppressive. He states that all of his documents were hand-delivered to Plaintiff's counsel on July 22, a point which the Plaintiff disputes. The Debtor asks the court to adjudicate the merits of his objection to the Discovery Request before it rules on the First Sanction Request. However, the Debtor never sought a timely protective order. After the hearing, the court granted the First Discovery Motion and entered an order on August 14 (the "First Discovery Order"), which provided:

///

"IT IS HEREBY ORDERED that the defendant file and serve proper responses to the plaintiff's Request for Production of Documents, Set No. One within ten (10) days. The responses are to be received by plaintiff's counsel no later than August 21, 2006."[4]

Plaintiff's First Sanction Request seeks an order pursuant to Rule 37(a) requiring the Debtor to pay her attorney's fees and costs associated with having to bring the First Discovery Motion in the amount of $795.[5] The court continued the Plaintiff's First Sanction Request to September 8, in part to monitor the status of the Debtor's compliance with the First Discovery Order. At that time the First Sanction Request was argued and submitted.

**Analysis.**

**Applicable Law.**

Discovery in an adversary proceeding is governed by the Federal Rules of Civil Procedure and made applicable through the Federal Rules of Bankruptcy Procedure. FRCP 37(a) (made applicable by FRBP 7037), provides for a monetary award of legal fees and costs to a party who must file a motion to compel disclosure or discovery, and is successful. Fed.R.Civ.P. 37(a)(4)(A) provides in pertinent part:

///

///

---

[4]Plaintiff contends that the Debtor has since failed to comply with the First Discovery Order. The Debtor contends that he systematically destroyed all of his bills and bank records and that he produced everything he had. (See footnote 1, supra.)

[5]The Plaintiff's attorney states that she spent approximately 5.0 hours at $150 per hour plus costs of $45 in the preparation and prosecution of the First Discovery Motion. She states that her hourly billing rate is $250 per hour, but the actual calculation only reflects $150 per hour.

> "If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

The First Discovery Motion was successful. The Debtor waived his right to object to the Discovery Request by not serving a written response, producing the documents, or seeking a protective order, within the time prescribed in the Rules. The fact that the Debtor began producing some documents after the First Discovery Motion was filed does not vitiate the sanction issue. The Debtor never responded in writing as required by Fed.R.Civ.P. 34(b). Rule 37(a)(4)(A) states that fees and costs *shall* be awarded, even if the discovery is produced after the Motion was filed. The pertinent question is whether the First Discovery Motion was necessary and whether the moving party made a good faith effort to get the discovery without court intervention. The court is persuaded that Plaintiff's conduct necessitated the First Discovery Motion. The court is also persuaded that Plaintiff's attorney made a good faith effort to obtain the discovery without court action. Indeed, Debtor's counsel affirmatively represented on multiple occasions that the documents would be provided. Only after the time had expired to seek a protective order, did the Debtor respond by refusing to produce any documents. The Debtor's informal and untimely response to the Discovery Request was not substantially justified. Ergo, the First Sanction Request will be granted.

Dated: November 2, 2006

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Teresa Marshall
c/o Susan Salehi
21 S California #311
Ventura, CA 93001

Susan J. Salehi
21 S California #311
Ventura, CA 93001

Dean Clifton Marshall Jr.
15211 Oaken Croft Dr
Bakersfield, CA 93314

Robert S. Williams
2441 G St
Bakersfield, CA 93301

Randell Parker
3820 Herring Rd
Arvin, CA 93203

T. Scott Belden
4550 California Ave 2nd Fl
Bakersfield, CA 93309-1172

U.S. Trustee
2500 Tulare St #1401
Fresno CA 93721

DATED: 11/2/06

By: Barbara Mooradian
Deputy Clerk

EDC 3-070 (New 4/21/00)