Case 06-01101    Filed 11/28/06    Doc 59



POSTED ON WEBSITE

# NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Dean Clifton Marshall, Jr.,<br><br>    Debtor. | Case No. 05-17886-B-7 |
| Teresa Marshall,<br><br>    Plaintiff,<br><br>v.<br><br>Dean Clifton Marshall, Jr.,<br><br>    Defendant. | Adversary Proceeding No. 06-1101<br><br>DC No. SJS-2 |

**MEMORANDUM DECISION REGARDING PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS**

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.**

Susan J. Salehi, Esq., appeared on behalf of the plaintiff Teresa Marshall (the "Plaintiff").

Robert S. Williams, Esq., of Williams & Williams, appeared on behalf of the debtor Dean Clifton Marshall, Jr. (the "Debtor").

    Before the court is the second installment in a discovery dispute arising out of a bitter divorce. Plaintiff, the Debtor's former spouse, filed an adversary proceeding to determine the dischargeability of debts which Debtor agreed to pay pursuant to a marital settlement agreement. Plaintiff also seeks to deny the Debtor's discharge based on the filing of allegedly false schedules. Plaintiff

contends, *inter alia*, that the Debtor has failed to disclose assets and misrepresented his income and expenses. Plaintiff asked the court to compel the Debtor to respond to her discovery request (the "First Discovery Motion"). That request was granted in an order dated August 14, 2006[1] (the "First Discovery Order"). Plaintiff now contends that the Debtor failed to comply with the First Discovery Order. Plaintiff seeks additional sanctions in the form of an order striking the Debtor's responsive pleading, entry of a default judgment, and an additional award of monetary sanctions (the "Second Sanction Request"). For the reasons set below, the Second Sanction Request will be denied.

This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052). The court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

**Background.**

Plaintiff is the Debtor's former spouse. In March 2004, Plaintiff commenced proceedings to dissolve the marriage in the Kern County Superior Court (the "Dissolution Action"). A final judgment was entered in the Dissolution Action in June 2005. In the Dissolution Action, the parties entered into a marital settlement agreement wherein, it is alleged, the Debtor retained certain marital assets in exchange for his agreement to pay joint debts totaling in excess of $36,000 (the "Marital Settlement"). Shortly after conclusion of the Dissolution

---

[1] Plaintiff also requested sanctions (the "First Sanction Request"), *i.e.*, an award of attorney's fees and costs incurred in having to bring the First Discovery Motion. That request was also granted in an order dated November 2, 2006.

Action, the Debtor filed this bankruptcy case and now seeks to discharge the debts which he agreed to pay in the Marital Settlement. Plaintiff contends, *inter alia*, that she was defrauded, that she will be liable for those debts if the Debtor receives a discharge, and that she would not have entered into the Marital Settlement if she had known that the Debtor intended to file bankruptcy.

The Debtor filed for chapter 7 relief on September 26, 2005. Plaintiff commenced this adversary proceeding on March 9, 2006[2] (the "Adversary Proceeding"). The claims in this Adversary Proceeding arise under 11 U.S.C. § 727(a)(4)(A)[3] (knowingly and fraudulently making a false oath or account), § 727(a)(5) (failure to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities), and § 523(a)(2)(A) (fraud in the making of the Marital Settlement). Plaintiff contends, *inter alia*, that the Debtor did not intend to perform the Marital Settlement at the time he entered into it, that he failed to disclose valuable assets in his bankruptcy schedules, and that he has grossly misrepresented his financial condition, specifically his monthly income and expenses. The Debtor filed an answer denying all liability.

On May 31, Plaintiff served a request for production of documents, Set No.1, on the Debtor's counsel (the "Discovery Request"). The Discovery Request asked for documents in 17 different categories, specifically copies of bills, bank statements, credit card statements and insurance policies, over a 15-month period,

---

[2] Hereafter, all relevant events occurred in 2006, unless specifically stated otherwise.

[3] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protective Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

3

all relevant to the issues raised in the Adversary Proceeding. The Discovery Request called for the documents to be produced by June 30 at the office of Plaintiff's counsel in Bakersfield and provided that the Debtor could comply with the Discovery Request by mailing copies of the requested documents. The Debtor's written response to the Discovery Request was due in 33 days pursuant to Fed.R.Civ.P. 34(b), and Fed.R.Bankr.P. 7034 and 9006(f). At no time during that period did the Debtor file an objection to the Discovery Request, or seek a protective order to limit the scope of discovery. On June 10, and again on June 27, Debtor's counsel sent a letter to Plaintiff's counsel representing that the Debtor would respond timely to the Discovery Request.

The Debtor failed to serve a written response to the Discovery Request, and to produce any documents within the time period prescribed by the Rules. The court held a continued status conference on July 7. That morning, Debtor's counsel left a voice mail message with Plaintiff's counsel informing Plaintiff's counsel, for the first time, that the Debtor refused to produce any of the requested documents.

**The First Discovery Motion.**

On July 11, Plaintiff filed the First Discovery Motion seeking an order to compel the Debtor to respond to the Discovery Request. The Debtor responded to the Motion on July 26. The Debtor first attempted to argue the merits of the Adversary Proceeding and then acknowledged that he had not responded to the Discovery Request. The Debtor then argued, in essence, that the Discovery Request was overbroad and oppressive. He stated that all of his documents had been hand-delivered to Plaintiff's counsel on July 22, a point which the Plaintiff disputed. The Debtor asked the court to adjudicate the merits of his objection to the Discovery Request before it ruled on the First Sanction Request. However, the

Debtor never sought a timely protective order. After the hearing, the court granted the First Discovery Motion and entered the First Discovery Order on August 14 which provided:

> "IT IS HEREBY ORDERED that the defendant file and serve proper responses [sic] to the plaintiff's Request for Production of Documents, Set No. One within ten (10) days. The responses [sic] are to be received by plaintiff's counsel no later than August 21, 2006."

On September 11, the Plaintiff filed this motion seeking additional monetary and terminating sanctions against the Debtor (the "Second Discovery Motion"). Plaintiff contends that the Debtor failed to comply with the First Discovery Order. She asks the court to strike the Debtor's responsive pleading and enter a judgment against him by default. In response, the Debtor contends that he shredded most of his financial records and that he has produced all of the documents he had in response to the Discovery Request.[4] The Debtor requested an evidentiary hearing with regard to his compliance with the Discovery Request and the reasonableness of his actions.

**The Supplemental Complaint.**

On October 5, Plaintiff filed and served a supplemental complaint seeking to deny the Debtor's discharge under § 727(a)(3). Plaintiff alleges, based on the Debtor's response to the Discovery Request, that the Debtor destroyed, mutilated, or failed to keep or preserve financial records from which his financial condition could be ascertained (the "Supplemental Complaint"). The Debtor responded to the Supplemental Complaint denying liability.

///

///

---

[4]The Debtor still makes no showing that he ever served a written response to the Discovery Request as required by Fed.R.Civ.P. 34(b).

5

**Analysis.**

**Applicable Law.**

Discovery in an adversary proceeding is governed by the Federal Rules of Civil Procedure and made applicable through the Federal Rules of Bankruptcy Procedure. FRCP 37(b)(2) (made applicable by FRBP 7037), provides a framework for dealing with parties who fail to comply with a discovery order, and for a monetary award of legal fees and costs to a party who must file a motion to compel disclosure or discovery:

> "If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just . . . .
>
> [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

The sanction provisions of Rule 37(b) serve three purposes: to ensure that the disobedient party will not profit from is own failure to comply with a prior order; to secure compliance with the particular order at hand; and to serve as a general determent to similar conduct in the instant case or on other litigation. *In re Dinubilo*, 177 B.R. 932, 946 (E.D. Cal. 1993), *See United States v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980) (citation omitted).

However, terminating sanctions are disfavored, they constitute a denial to justice, and they should be used only as a last resort in extreme circumstances. *In re Dinubilo*, 177 B.R. at 947.

For various reasons, the court is not persuaded that this is an extreme circumstance, or that terminating sanctions are appropriate in this case. The

6

Debtor has taken the position in response to discovery that he did not keep, or failed to preserve, records relevant to his income and expenses. His responses filed in this discovery dispute have laid a foundation for the relief which the Plaintiff now seeks in the Supplemental Complaint. The Debtor has formally taken the position that all of his relevant financial records have been produced, that he never had or shredded everything else, and that he cannot reasonably obtain replacements. It is difficult for the court to see how the Debtor will profit from this position. In his zeal to avoid compliance with the Discovery Request, the Debtor has painted himself into the proverbial "corner" of having to show that his failure to maintain and preserve the financial records requested was "justified under all of the circumstances of the case." § 727(a)(3). If the court were to conduct an evidentiary hearing regarding the issue of terminating sanctions, it would have to make essentially the same inquiry, *i.e.*, was the Debtor's conduct with regard to the preservation of discoverable financial records reasonable and justified. The Plaintiff has alleged other theories for relief which are not affected by issues raised in the discovery dispute, *i.e.*, fraud and failure to disclose assets. A punitive termination of the entire adversary proceeding would only invite a lengthy and costly appeal with a significant probability of reversal. It is now time to move forward with all of the issues raised in this adversary proceeding.

**Conclusion.**

　　Based on the foregoing, Plaintiff's request for termination sanctions under Rule 37(b) will be denied.

　　Dated: November 28, 2006

　　　　　　　　　　　　　　　　　　　　　　　／s／ W. Richard Lee
　　　　　　　　　　　　　　　　　　　　　　　W. Richard Lee
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Teresa Marshall
c/o Susan Salehi
21 S California #311
Ventura, CA 93001

Dean Clifton Marshall Jr.
15211 Oaken Croft Dr
Bakersfield, CA 93314

Susan J. Salehi
21 S California #311
Ventura, CA 93001

Robert S. Williams
2441 G St
Bakersfield, CA 93301

U.S. Trustee
2500 Tualre St #2501
Fresno CA 93721

Randell Parker
3820 Herring Rd
Arvin, CA 93203

T. Scott Belden
4550 California Ave 2nd Fl
Bakersfield, CA 93309-1172

DATED: 11/28/06

By: *Barbara Mosada*
      Deputy Clerk

EDC 3-070 (New 4/21/00)